1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10    RONALD BROOK,                              No. CIV S-11-0038-CMK-P

11              Petitioner,

12         vs.                                   <u>ORDER</u>

13    G SWARTHOUT,

14              Respondent.

15    _____/

16              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole.  Petitioner has

18    consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has

19    yet appeared in the action.  Pending before the court is petitioner's petition for a writ of habeas

20    corpus (Doc. 1).

21              Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

22    dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

23    exhibits annexed to it that the petitioner is not entitled to relief in the district court."  On January

24    24, 2011, the undersigned screened petitioner's petition, found that it did not plainly appear that

25    petitioner was not entitled to relief, and ordered a response from respondent.  That response is

26    not yet due.

                                              1

1    However, in the interim, the United States Supreme Court has issued an opinion

2  reversing the holding of the Ninth Circuit in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010)

3  (en banc).  Relevant to the issues raised in petitioner's petition, the Court observed:

> whatever liberty interest exists [in parole] is, of course, a *state* interest.
> There is no right under the Federal Constitution to be conditionally
> released [on parole] before the expiration of a valid sentence, and the
> States are under no duty to offer parole to their prisoners. <u>Id.</u> at 7.  When,
> however, a State creates a liberty interest, the Due Process Clause requires
> fair procedures for its vindication – and federal courts will review the
> application of those constitutionally required procedures. . . .

8  <u>Swarthout v. Cooke</u>, 562 U.S. ___, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam) (citing

9  <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis

10  in original).

11    The Court held:

> In the context of parole, we have held that the procedures required are
> minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a parole
> statute similar to California's received adequate process when he was
> allowed an opportunity to be heard and was provided a statement of the
> reasons why parole was denied.  442 U.S. at 16.  "The Constitution," we
> held, "does not require more."  <u>Ibid.</u>  Cooke and Clay received at least this
> amount of process: They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded access to their
> records in advance, and were notified as to the reasons why parole was
> denied.  (citations omitted).
>      That should have been the beginning and the end of the federal
> habeas courts' inquiry into whether Cook and Clay received due
> process. . . .

19  <u>Id.</u> at *2-3.

20    The Court added that "[n]o opinion of ours supports converting California's

21  'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . .

22  whether California's 'some evidence' rule of judicial review (a procedure beyond what the

23  Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial

24  of due process."  <u>Id.</u> at *3 (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases

25  challenging the denial of parole, the only issue subject to federal habeas review is whether the

26  inmate received the procedural due process protections of notice and an opportunity to be heard.

There is no other clearly established federal constitutional right in the context of parole.

Here, to the extent petitioner claims that the decision to deny parole was not based on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole.  To the extent petitioner claims that he was not provided the minimal procedural due process protections of notice and an opportunity to be heard, the petition must be denied because it is clear on the face of the petition and documents attached thereto that petitioner was provided the minimum procedural protections guaranteed by the federal constitution.  Thus, it is now plainly appears that petitioner is not entitled to federal habeas relief.

Based on the foregoing, petitioner will be required to show cause in writing why his petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.    The order issued on January 24, 2011, directing respondent to respond to the petition is vacated;

2.    The Clerk of the Court shall serve a copy of this order on Michael Patrick Farrell, Senior Assistant Attorney General; and

3.    Petitioner shall show cause in writing within 30 days of the date of this order why the petition should not be summarily dismissed.

DATED:  February 2, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3